UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

                                        Plaintiff,

                                                            **DECISION AND ORDER**
            v.                                              13-CR-181-A
                                                            19-CV-1161-A
ANTHONY SKINNER,

                                        Defendant.

_____

## INTRODUCTION

On May 3, 2019, Defendant Anthony Skinner was sentenced by this Court

principally to two concurrent terms of imprisonment of 120 months upon his prior

plea of guilty to a two-count information (Dkt. 2)[1] which charged him: in Count 1, with

murder in aid of racketeering, in violation of 18 U.S.C. §1959(a)(1); and in Count 2,

with attempted murder in aid of racketeering, in violation of 18 U.S.C. §1959(a)(5).

Dkt. 66.[2] In the parties' written plea agreement,  Skinner admitted to being a

member of a violent street gang known as LRG-P and to both murdering, in 2009,

Andre Anderson and attempting to murder, in 2010, S.S. for the purpose of

maintaining and increasing his position within the gang.  Dkt. 3, p.4.

_____

[1] Unless otherwise indicated, references herein are to items contained on the Docket in
13-CR-18.

[2] According to the Bureau of Prison's (BOP) website, Skinner is currently scheduled to
be released from BOP custody, later this year, on October 19, 2025.  *See*,
https://www.bop.gov/inmateloc/   (last accessed 2/27/2025).

Following his conviction, Skinner filed a slew of *pro se* motions.  Fifteen (15) of those *pro se* motions remain pending before this Court.  Dkt. 68, 78, 79, 89, 90, 102, 103, 104, 108, 110, 111, 117, 121, 131, and 132.  While the Court will address each pending motion seriatim, for the reasons which follow, all those motions are denied.

## BACKGROUND

The reader is presumed to be familiar with the procedural history of this case. As part of his written plea agreement, Skinner admitted his role in committing the murder of one individual, in violation of  18 U.S.C. §1959(a)(1), and the attempted murder of another individual, in violation of 18 U.S.C. §1959(a)(5).  Dkt. 3, ¶¶ 1-5. The plea agreement further contemplated that with a total offense level of 36 and a criminal history category of II, Skinner faced a sentencing range for imprisonment of between 210 and 262 months. Dkt. 3, ¶ 12. Further, as part of his plea agreement, Skinner agreed, *inter alia*:

> 18. The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment [210 to 262 months], a fine [$20,000 to $200,000] and supervised release [5 years] set forth in Section III, ¶ 12, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

Dkt. 3, ¶ 18.

On May 3, 2019, Skinner was sentenced to concurrent terms of 120 months imprisonment for each count of conviction to be followed by a 3-year term of supervised release.  Dkt. 66.  No fine was imposed. *Id*.  The judgment was entered on May 14, 2019, and Skinner did not file a direct appeal.

## ANALYSIS

Because Skinner is proceeding *pro se*, the Court will construe all his pending motions liberally, interpreting them "to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (citation omitted); *Donaldson v. United States*, No. 09-CR-321A, 2018 WL 703102, at *2 (W.D.N.Y. Feb. 5, 2018).  But, as the moving party, Skinner still bears the burden of demonstrating his entitlement to early release. *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease." (citations omitted)). Indeed, Skinner still bears the burden of proving his claims by a preponderance of the evidence. *Triana v. United States*, 205 F.3d 36, 40 (2d Cir. 2000), and as the Second Circuit has explained, "[a]iry generalities, conclusory assertions[,] and hearsay statements will not suffice" to meet this standard. *United States v. Aiello*, 814 F.2d 109, 113 (2d Cir. 1987). Nor is a court required to credit factual assertions that are "contradicted by the record in the underlying proceeding." *Puglisi v. United States*, 586 F.3d 209, 214 (2d Cir. 2009).

1.  **Motion to Vacate Sentence under 28 U.S.C. § 2255** (Dkt. 68)

Skinner did not file a direct appeal of his judgment which was entered on May 14, 2019.  Dkt. 66.  Instead, on August 26, 2019, Skinner filed a letter which this Court has treated as a *pro se* motion pursuant to 28 U.S.C. §2255. Dkt. 68. In it, Skinner claims that his release date as calculated by the BOP is later than he expected at the time of his sentence. *Id*. Specifically, he claims that the BOP erred in failing to give him concurrent credit for a 5-year New York State sentence he was serving at the time of his sentencing in this case. *Id*. Consequently, Skinner claims that his constitutional rights have been violated and that he should be permitted to file a direct appeal. *Id*.  His claims are frivolous.

Section 2255 permits a prisoner in federal custody to move to vacate, set aside, or correct the sentence on the grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Because collateral challenges are in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010). "A petition for relief under Section 2255 shall only be granted for a constitutional error when the sentencing court lacked jurisdiction or when a miscarriage of justice arises due to an error of law or fact which created a fundamental defect." *Lopez v. United States*, 792 Fed. App'x. 32, 35 (2d Cir. 2019) (citations omitted). Relief under Section 2255 is

reserved "for prejudicial errors that are so grave, they result in a complete miscarriage of justice." *Kassir v. United States*, 3 F.4th 556, 564 (2d Cir. 2021) (internal quotation marks, brackets and citations omitted).

Initially, the Court notes that Skinner's plea agreement provides that he "knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court" within or less than 210 to 262 months imprisonment, a fine of $20,000 to $200,000, and a period of supervised release of 5 years. Dkt. 3, ¶ 18.  The 120-month sentence imposed in this case was well-below the range of the appellate/collateral attack waiver contained in the plea agreement.

"A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable." *Sanford v. United States*, 841 F.3d 578, 580 (2d Cir. 2016). Such waivers must be enforced because, if they are not, "the covenant ... becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants." *United States v. Yemitan*, 70 F.3d 746, 748 (2d Cir. 1995). The exceptions to the presumption of enforceability "occupy a very circumscribed area of our jurisprudence." *United States v. Borden*, 16 F.4th 351, 354–55 (2d Cir. 2021) (internal quotation marks omitted).

> We have recognized only five circumstances where we will not enforce a waiver: (1) where the waiver was not made knowingly, voluntarily, and competently; (2) where the sentence was based on constitutionally impermissible factors, such as ethnic, racial, or other prohibited biases; (3) where the government breached the agreement containing the waiver; (4) where the district court failed to enunciate any rationale for the defendant's sentence, and (5) where the waiver was unsupported by consideration."

*Cook v. United States*, 84 F.4th 118, 122 (2d Cir. 2023)(citations and quotations omitted). An ineffective assistance of counsel claim "challenging 'the constitutionality of the process by which he waived [his right to appeal]' " is one way a petitioner can demonstrate that his plea was involuntary and uninformed. *See Parisi v. United States*, 529 F.3d 134, 138 (2d Cir. 2008) (per curiam) (alteration in original) (quoting *United States v. Hernandez*, 242 F.3d 110, 113 (2d Cir. 2001)).

Skinner fails even to allege any ground which would make him even arguably eligible for relief. A review of the plea transcript in this case makes clear that Skinner's pleas of guilty were knowing and voluntary. Dkt. 18. At best, Skinner argues that the BOP has incorrectly determined his release date from state custody. Without facts or legal argument, he claims that such miscalculation amounted to a violation of his constitutional rights. Following sentencing, the Attorney General, through the BOP has the responsibility for administering the sentence. *See* 18 U.S.C. § 3621(a)("A person who has been sentenced to a term of imprisonment ... shall be committed to the custody of the Bureau of Prisons until the expiration of the term imposed"). While an individual seeking to challenge the legality of the imposition of a sentence may bring a § 2255 claim, *see, Dioguardi v. United States*, 587 F.2d 572, 573 (2d Cir.1978) ("A motion under section 2255 must ... be directed to the sentence as it was imposed, not to the manner in which it is being executed."), a challenge to the execution of a sentence—the sort of claim made by Skinner here—is properly filed pursuant to Section 2241. *See United States v. Werber*, 51 F.3d 342, 349 n. 17 (2d Cir.1995) (challenge to Bureau of Prisons' calculation of sentence under 18 U.S.C. § 3585 is properly raised in § 2241 petition). Accordingly,

since Skinner is challenging the execution of his sentence and not the legality of its

imposition, his claim may only be brought in the district in which he is incarcerated.

*See Dutton v. U.S. Att'y Gen.*, 713 F.Supp.2d 194, 206 (W.D.N.Y. 2010).

Accordingly, Skinner's motion to vacate his sentence (Dkt. 68) is **DENIED**.

## 2. Request for Discovery and Other Relief (Dkt. 78) & Motion for Immediate Grant of § 2255 Motion (Dkt. 79)

On March 13, 2020, Skinner's filed two different motions, both of which

pertain to his original § 2255 motion.[3] The first motion, styled as a motion for

discovery and other relief: seeks various items of discovery (including transcripts,

etc.); alleges that his attorney was ineffective for failing to file an appeal; and claims

that the prosecutors involved in his case engaged in misconduct.  Dkt. 78.  The

second motion requests that his pending § 2255 motion be granted immediately.

(Dkt. 79).  The allegations contained in each motion are bald and conclusory.

Regarding Skinner's discovery request, a habeas petitioner, unlike a typical

civil litigant, is not entitled to discovery "as a matter of ordinary course." *Bracy v.*

*Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2255

Proceedings grants the court discretion to authorize discovery based on a showing

of "good cause." *Id*. at 908-09. "In order to show good cause, a petitioner must

present specific allegations that give the Court 'reason to believe that the petitioner

may, if the facts are fully developed, be able to demonstrate that he is entitled to

---

[3] As discussed further in the next Section, since such *pro se* motions were filed within Skinner's one-year limitation period to file his petition under § 2255, this Court will treat such motions as motions to amend his initial petition. *See Ching v. United States*, 298 F.3d 174, 175 (2d Cir. 2002).

relief.'" *Pizzuti v. United States*, 809 F. Supp. 2d 164, 176 (S.D.N.Y. 2011) (quoting *Bracy*, 520 U.S. at 908–09).  Here, Skinner has failed even to suggest how the discovery he seeks would advance any of his putative § 2255 claims, and as a result, he has not established good cause. *See, Hirschfeld v. Comm'r of the Div. of Parole*, 215 F.R.D. 464, 465 (S.D.N.Y. 2003) (good cause not established "where the petitioner provide[d] no specific evidence that the requested discovery would support his habeas corpus petition"); *Ruine v. Walsh*, No. 00 CIV. 3798 (RWS), 2005 WL 1668855, at *6 (S.D.N.Y. July 14, 2005) (discovery denied where § 2255 petitioner was "seeking documents merely to determine whether the requested items contain any grounds that might support his petition, and not because the documents actually advance his claims of error" (internal quotation marks omitted).

As to his claim that his attorney was ineffective for failing to file an appeal, this Court observes that the Second Circuit "take[s] very seriously the need to make sure that defendants are not unfairly deprived of the opportunity to appeal, even after a waiver appears to bar appeal." *Campusano v. United States*, 442 F.3d 770, 775 (2d Cir. 2006). Counsel is deemed ineffective if counsel fails to file a notice of appeal despite a defendant's "specific instruction" to do so. *Id*. at 773 (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)); *see United States v. Moreno-Rivera*, 472 F.3d 49, 52 (2d Cir. 2006).  Here, although Skinner suggests that he advised his attorney of wanting to appeal and that his attorney told him to "be happy" since he received a 10-year sentence —which was roughly one-half of what he faced under the Sentencing Guidelines (Dkt. 78, p. 2)—his motion fails to allege that he specifically instructed his attorney to file an appeal.  Indeed, directly contradicting his assertions

regarding his desire to appeal in his instant motion (Dkt. 78), Skinner, in his original 2255, expressly indicated that he made a conscious choice to forego his appeal "because I was waiting for my time to be calculated [by BOP]." Dkt. 68, p. 2. In view of the inconsistent claims raised by Skinner, this Court determines, without a hearing, that Skinner failed timely to instruct his attorney to file an appeal, and thus, his claim is without merit.

Finally, as to Skinner's claim of prosecutorial misconduct, such claim is procedurally defaulted. Prosecutorial misconduct claims not raised on direct appeal are procedurally defaulted and cannot be considered on collateral review. *See, e.g., Garafola v. United States*, 909 F. Supp. 2d 313, 324 (S.D.N.Y. 2012) (prosecutorial misconduct claim barred where defendant failed to raise the claim in his direct appeal); *Parrilla v. United States*, No. 13 Cr. 360, 2021 WL 4066021, at *24 (S.D.N.Y. Sept. 7, 2021) (same); *see also United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) ("[A] defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal."). A federal court will not entertain a procedurally defaulted claim "absent a showing of a cause and prejudice to excuse the default," or a showing that the petitioner "is actually innocent of the underlying offense." *Dretke v. Haley*, 541 U.S. 386, 388 (2004). As previously noted, while Skinner cannot establish any justifiable "cause" to explain his decision not to appeal, even if he could, Skinner nowhere contends that he is actually innocent. Such a deficiency in terms of a claim of factual innocence is fatal to his claim. *See, Johnson v. Bellnier*, 508 F. App'x 23, 25–26 (2d Cir. 2013) (*quoting*

*Bousley v. United States*, 523 U.S. 614, 623 (1998)). Polanco thus cannot overcome the procedural default.

Moreover, it is well-established that an intelligent and voluntary guilty plea waives all non-jurisdictional defects that occurred in prior stages of the litigation. *See United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam).  Skinner's claim of alleged prosecutorial misconduct is a non-jurisdictional argument that was waived by the petitioner's guilty plea. *See United States v. Lawson*, No. 99 1046, 2000 WL 232282, at *1 (2d Cir. Feb. 28, 2000) (Summary Order) (prosecutorial misconduct claim is a non-jurisdictional defect that is waived by a guilty plea) (citation omitted).

Accordingly, Skinner's motion for discovery and other relief (Dkt. 78) is **DENIED.**   Further, In view of this Court's denial of Skinner's original (Dkt. 68) and amended (Dkt. 78) § 2255 motions on the merits, *see*, *above*, his motion (Dkt. 79) for an immediate grant of his § 2255 is **DENIED AS MOOT.**

### 3. <u>Motion for Judgment in Favor and Immediate Release, § 2255  Motion (Dkt. 89)</u>

A petition seeking relief pursuant to 28 U.S.C. § 2255 must be filed within one year from the date when the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1).  For purposes of § 2255 motions, an unappealed federal criminal judgment—such as Skinner's—becomes final when the time for filing a direct appeal expires, *i.e.,* ten days after the judgment is entered.  *Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005).  In this case, Skinner's judgment of conviction became final on May 24, 2019, and thus, the one-year limitations period to file a petition

under § 2255 expired on May 24, 2020. Prior to that date, Skinner timely filed both his original August 2019 petition (Dkt. 68) and amended March 2020 petition (Dkt. 78) as discussed above.

Following the expiration the time within which timely to file his § 2255, Skinner, once again indicating that he was relying on § 2255, filed a new *pro se* motion, on August 10, 2020, in which he asserted that his sentence was improper on the grounds that he was sentenced based upon materially false information. Dkt. 89. The Second Circuit has made clear that when a petitioner files a second petition seeking Section 2255 relief before his first habeas petition has reached a final disposition, the second petition is treated as a motion to amend the initial petition. *See Ching v. United States*, 298 F.3d at 175 ("We hold that a habeas petition submitted during the pendency of an initial § 2255 motion should be construed as a motion to amend the initial motion.").

Though the Court finds that Skinner's initial (Dkt. 68) and amended (Dkt. 78) § 2255 petitions, were timely filed, his August 2020 motion, adding new grounds for relief, was filed outside the window to file an amended petition and is untimely. As the Court determines that the motion is untimely, the Court must nevertheless consider whether it "relates back" to the original petition. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005); Fed.R.Civ.P. 15(c). Rule 15(c) provides, in relevant part, that an amendment "relates back" to the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." "An amended habeas petition ... does not relate back (and thereby escape AEDPA's

one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle v. Felix*, 545 U.S. at 650. "The fact that [the] initial petition and the proposed amended claim relate to the same stage of the proceeding is insufficient to establish relation back." *Delutro v. United States*, No. 11-CV-2755, 2014 WL 4639198, at *5 (S.D.N.Y. Sept. 16, 2014) (citing *Gibson v. Artus*, 407 F. App'x 517, 519 (2d Cir. 2010)).

Here, Skinner's original petition related exclusively to his claim that the BOP incorrectly calculated his release date by failing to provide him with concurrent credit for a 5-year New York State sentence he was serving at the time of the imposition of his federal sentence. Dkt. 68. His amended petition sought to add claims of ineffective assistance and prosecutorial misconduct. Dkt. 78. His instant motion claims that he was sentenced upon "materially false information" based upon a miscalculation of his criminal history category as Category III rather than Category II, *see*, Dkt. 89, does not relate back to any of the timely claims he raised in his petition.

As the claim Skinner now seeks to raise in his untimely "amended" § 2255 motion, *see*, Dkt. 89, is distinct from and does not "relate back" to his original timely § 2255 motion, *see*, Dkt. 68, 78, this Court **DENIES** the motion (Dkt. 89) as an improper and untimely attempt to expand his § 2255 petition.

### 4. <u>Motion for Actual Innocence</u> (Dkt. 90)

Some 7 years after his plea of guilty, Skinner, in September of 2020, for the first time filed a motion (Dkt. 90) asserting that he was actually innocent of the charges to which he pleaded guilty.

Skinner fully and freely admitted his guilt during the careful and extensive plea colloquy which was conducted in this case. Dkt. 18. That he knowingly and voluntarily did so with awareness of his waiver of appeal and collateral attack conclusion was supported, *inter alia*, by the following facts: (1) Skinner signed the plea agreement, (2) he told this Court that he had read and understood the plea agreement, (3) he did not attempt to appeal his sentence, even though he had been told by this Court that he had the right to appeal, (4) he did not claim, in his timely § 2255 motion, that he had not understood the waiver contained in his plea agreement, and (5) he has never asserted explicitly or under oath that at the time of his plea he did not understand that he was giving up his right to appeal and petition under § 2255.  *See, Garcia-Santos v. United States*, 273 F.3d 506, 508 (2d Cir. 2001).  Further, Skinner has presented nothing that casts any doubt on the veracity of his admissions. *See United States v. Farooq*, No. 19-CR-100, 2020 WL 1083624, at *4 (E.D.N.Y. Mar. 6, 2020) ("this Court does not credit Defendant's statements at oral argument that his factual admissions during the plea proceeding that established his guilt to the charged crime were lies"); *Islam v. United States*, No. 12-CR-810, 2018 WL 6649764, at *3 (S.D.N.Y. Dec. 19, 2018) ("During his plea allocution, Islam swore he was guilty. Islam's bare assertion of innocence in his § 2255 petition does not overcome his sworn statements at his plea hearing") (citations to the record omitted).  During his plea colloquy, Skinner expressed his satisfaction with his lawyer's representation and advice, stated that no one had coerced or threatened him to get him to plead guilty, and that his decision to do so was freely made.  Dkt. 18.

As already noted, "[i]t is well settled that a defendant who knowingly and voluntarily enters a guilty plea waives all non-jurisdictional defects in the prior proceedings." *United States v. Garcia*, 339 F.3d 116, 117 (2d Cir. 2003) (per curiam); *see also Sanford v. United States*, 841 F.3d at 579-80 ("A defendant's knowing and voluntary waiver of the right to appeal or collaterally attack his conviction and/or sentence is enforceable") (citations omitted).

In the face of the uncontradicted record establishing that Skinner's plea of guilty was knowing, voluntary, and valid, his belated and conclusory motion (Dkt. 90) to set aside his sentence based upon his claim of innocence is **DENIED** as frivolous.

## 5. **Motion for Habeas Corpus to Be Moved and To Be Granted Oral Argument** (Dkt. 90)

In view of this Court's denial of Skinner's § 2255 motion on the merits, *see*, Analysis, *above*, his motion seeking to be moved and for oral argument of such motion is **DENIED AS MOOT.**

## 6. **Motion for Rule 29, Motion for Rule 33, Motion for Immediate Release, and 2255 Supplement** (Dkt. 103)

On March 5, 2021, some seven-and-a-half years after his plea of guilty, Skinner filed a motion (Dkt. 103) in which he seeks relief pursuant to Rule 29 and Rule 33 of the Federal Rules of Criminal Procedure. The belated motion is frivolous.

Under Rule 29, a defendant may move for acquittal on "any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). This is the only basis on which a defendant may seek a judgment of acquittal. *See United States v. Gjurashaj*, 706 F.2d 395, 399 (2d Cir. 1983) ("[T]he very nature of [Rule 29] motions is to question the sufficiency of the evidence to support a conviction."); *see*

*also* 2A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 466 (4th ed. 2009) (sufficiency of the evidence is the "only ... ground for a motion for a judgment of acquittal"). The motion must be filed either after the close of the evidence, *see* Fed. R. Crim. P. 29(a), or "within [fourteen] days after a guilty verdict or after the court discharges the jury, whichever is later." Fed R. Crim. P. 29(c). A defendant may only exceed this deadline because of "excusable neglect." Fed. R. Crim. P. 45(b)(1)(B); Fed. R. Crim. Pro. 29 advisory committee's note to 2005 amendment.

A defendant may also move for a new trial under Rule 33, which the court may grant "if the interest of justice so requires." Fed. R. Crim. P. 33(a). Granting a new trial is an "extraordinary" remedy. *United States v. Ferguson*, 246 F.3d 129, 134 (2d Cir. 2001). To justify such relief, "[t]here must be a real concern that an innocent person may have been convicted." *Id*. Motions for a new trial generally must be filed within fourteen days of the "verdict or finding of guilty," Fed R. Crim. P. 33(b)(2), unless the defendant demonstrates excusable neglect. *See* Fed R. Crim. P. 45(b)(1)(B).

Under both Rule 29 and Rule 33, Skinner's motion, filed years after his conviction, were untimely.  The applicable deadline under Rules 29(c) and 33 is fourteen days.  Further, Skinner fails to demonstrate excusable neglect. When evaluating an excusable neglect claim, the most important factor is the "reason for the delay." *See In re Enron Corp.*, 419 F.3d 115, 122-24 (2d Cir. 2005). Here, Skinner does not even attempt to explain the reason for his delay, and as such, his motions are denied as untimely.  Further, because the grounds set forth by Skinner

as providing the basis for granting his Rule 29 and Rule 33 motions (*i.e.,* that evidence against him was insufficient) have no merit in view of Skinner's knowing, intelligent, and voluntary pleas of guilty, they provide no basis for a finding of ineffective assistance of counsel. *See United States v. Arena*, 180 F.3d 380, 396 (2d Cir.1999) ("Failure to make a meritless argument does not amount to ineffective assistance.").

Accordingly, Skinner's motions under Rule 29 and Rule 33 are **DENIED**.[4]

## 7. <u>Motion for Discovery and an Evidentiary Hearing</u> (Dkt. 104)

In view of this Court's denial of Skinner's § 2255 motion and discovery motions, *see*, above, his motion for discovery and a hearing regarding them is **DENIED AS MOOT.**

## 8. <u>Motion for Change of Address</u> (Dkt. 111)

In his Motion for a Change of Address, Skinner seeks to change his legal address to his grandmother's residence in Georgia. *See*, Dkt. 111.  As Skinner is currently in BOP custody, such motion is **DENIED.**

## 9. <u>Motions for Compassionate Release</u> (Dkt. 108, 110, 117, 121, 131, and 132)

Skinner's remaining outstanding *pro se* motions all, to varying degrees, assert claims by which he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A).[5]

---

[4] To the extent that Skinner's motion may be construed as an untimely effort to supplement his timely §2255, for the reasons set forth above, it is also denied, as it does not relate back to his original timely petition(s).  *See*, Dkt. 68, 78.

[5] As part of Dkt. 110, Skinner also requests, in conclusory fashion, a writ of mandamus directing this Court to address his § 2255 motion.  To the extent that this Decision and

The Court notes that in addition to the foregoing outstanding compassionate release motions, this Court has on at least three prior occasions considered and rejected Skinner's requests for compassionate release. [6]

Under 18 U.S.C. § 3582(c)(1)(A)(i), as modified by the First Step Act, a court may reduce a defendant's sentence upon motion of the Director of the BOP, or upon motion of the defendant. A defendant may move under Section 3582(c)(1)(A)(i) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*.  Here, while the parties have previously disputed whether Skinner has exhausted his administrative rights, the Government now concedes that during May of 2023, Skinner did, in fact, exhaust his remedies by seeking and being refused compassionate release from the warden of the BOP facility in which he was housed. Dkt. 128, p. 7.

As Skinner has made such a showing, this Court must undertake two additional inquiries.  First, the Court must "consider[ ] the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Jones*, 17 F.4th 371, 374-75 (2d Cir. 2021).  Section 3553(a) lists various factors a

___

Order does that, so much of Dkt. 110 as sought a writ of mandamus is **DENIED AS MOOT**.

[6] On February 2, 2021, this Court entered a text order (Dkt. 100) denying other *pro se* motions filed by Skinner seeking compassionate release. *See*, Dkt. 81, 81, 85, 88, 92, and 97.  On May 18, 2021, this Court entered a text order (Dkt. 106) denying Skinner's *pro se* motion seeking reconsideration of this Court's previous denial of his compassionate release motion. See, Dkt. 105.

court must review when imposing a sentence, and include the following considerations: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "the need for the sentence imposed ... to provide the defendant with ... correctional treatment in the most effective manner"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a).  Second, the Court must determine whether the person seeking release has "demonstrate[d] that his circumstances are indeed 'extraordinary and compelling' such that, considering these § 3553(a) factors, a sentence reduction is justified under § 3582(c)(1)(A) and would not simply constitute second-guessing of the sentence previously imposed." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021).[7]

This Court finds that Skinner has failed to establish extraordinary and "compelling circumstances" which warrant his release from prison.  While Skinner points to various health issues he has suffered while incarcerated, including being stabbed and suffering seizures, his disciplinary record while incarcerated indicates

---

[7] Court's analyzing a compassionate release request need not consider these two factors in any order. As the Second Circuit has recognized: "A motion under § 3582(c)(1)(A) must demonstrate both extraordinary and compelling reasons justifying release and that a sentence reduction is consistent with the sentencing factors set forth in § 3553(a), so a district court may deny a motion based solely on the latter without reaching the former." *United States v. McLean*, No. 22-1176(CON), 2023 WL 8253680, at *1 (2d Cir. Nov. 29, 2023), *cert. denied*, 144 S. Ct. 1376 (2024).

that he has committed assaults while in custody and even admitted to smoking K-2, a synthetic marijuana associated with seizures. See, Dkt. 129, pp. 2-7.

Even if, assuming *arguendo*, Skinner had established "extraordinary and compelling" circumstances—which he has not—this Court upon its consideration of the § 3553(a) factors, would nevertheless deny his request for compassionate release. Skinner murdered someone whom he believed to have stolen a gun from another member of his gang and attempted to murder a rival gang member. Despite his relative youth at the time he committed this murder and attempted murder, he also had two prior felony weapons possession convictions. While some of Skinner's efforts to rehabilitate himself in prison are commendable, they do not fully mitigate the danger to society and others that he continues to present. Moreover, the extremely callous, heinous, and violent crimes he committed fully justify the original sentence imposed by this Court, which was already significantly below the applicable Guidelines range. Considering all the § 3553(a) factors, this Court determines that no further reduction of Skinner's sentence is warranted.

## CONCLUSION

For the foregoing reasons, all of Skinner's undecided *pro se* motions (Dkt. 68, 78, 79, 89, 90, 102, 103, 104, 108, 110, 111, 117, 121, 131, and 132) are **DENIED**. No certificate of appealability shall issue because Skinner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28

U.S.C. § 2253(c)(2) ("A certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right.").

**IT IS SO ORDERED.**

_s/Richard J. Arcara_
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  March 11, 2025